1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES CLASBERRY, JR.,                          )
                                               )
                   Plaintiff(s),               )          Case No. 2:14-cv-00774-JAD-NJK
                                               )
vs.                                            )          **ORDER**
                                               )
ALBERTSONS, LLC,                               )
                                               )
                   Defendant(s).               )
_____)

      Pending before the Court is an order for Plaintiff and his counsel to show cause why they should not be sanctioned pursuant to Rule 16(f)[1] and Local Rule IA 4-1.  Docket No. 26.  Plaintiff filed a response.  Docket No. 27.  For the reasons discussed more fully below, the Court hereby **SANCTIONS** Plaintiff and his counsel, jointly and severally, in the amount of Defendant's attorneys' fees and costs incurred preparing for and attending the November 5, 2015, Settlement Conference (the "Settlement Conference").

**I.     FACTUAL BACKGROUND**

      On September 18, 2015, United States District Judge Jennifer A. Dorsey referred this case to the undersigned Magistrate Judge.  Docket No. 21.  On September 21, 2015, this Court issued an order scheduling a settlement conference for November 5, 2015 at 9:30 a.m. ("the Scheduling Order").  Docket No. 21 at 1.

      The Scheduling Order provides that "**the following individuals are required to be present in**

_____

[1] Unless otherwise noted, references to "Rules" are to the Federal Rules of Civil Procedure.

**person for the duration of the settlement conference**: [1] all counsel of record who will be participating in the trial . . . [and] . . . [2] all individual parties." Docket No. 21 at 1-2 (emphasis in original). It made clear that it is "the Court's strong preference that parties attend settlement conferences in person, and any request for exception to the personal appearance requirement will be strictly scrutinized for a showing of compelling justification." *Id.*, at 2. No such request was made, much less granted, in this case. The Scheduling Order warned that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLAINT PARTY AND/OR COUNSEL TO SANCTIONS.**" *Id.*, at 3 (emphasis in original).

Taking Plaintiff's verison of the facts as true, Plaintiff and his counsel received the Scheduling Order. Plaintiff then discussed his financial inability to attend the Settlement Conference with his counsel's paralegal, whose Mother had recently died. Docket No. 27 at 1-2. As a result of the paralegal's Mother's death, Plaintiff's counsel assigned temporary staff to Plaintiff's case. For reasons unclear to the Court, this staff member assumed the Settlement Conference had been cancelled. *Id.*, at 2. Thereafter, due his involvement in another proceeding, Plaintiff's counsel "fail[ed] to recognize that the Settlement Conference was going forward." *Id.*

On October 29, 2015, the week before the Settlement Conference, Plaintiff erroneously filed his confidential settlement statement on the public docket. Docket No. 23. The Court issued a minute order requiring counsel to resubmit the statement to the Court as required by the Scheduling Order, no later than 4:00 p.m. on October 30, 2015. *Id.* Plaintiff's counsel complied, resubmitting his confidential settlement statement three business days before the scheduled Settlement Conference.

On November 5, 2015, the Court, Defendant's counsel, and Defendant's corporate representative were present and ready to proceed with the Settlement Conference. Docket No. 25. After thirty minutes, it became clear that neither Plaintiff nor his Counsel was going to attend the Settlement Conference. *Id.* Neither Plaintiff nor his counsel informed the Court of this fact. Thereafter, the Court issued the Order to Show Cause that is presently before the Court. Docket No. 26.

**III.    Legal Standard**

Orders are not suggestions or recommendations; they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). There are

several sources of legal authority by which federal courts enforce their orders.  Most pertinent here is Rule 16(f).[2]

Rule 16(f) provides that if a party or his attorney fails to appear at a pretrial conference, the "court may make such orders as are just, including requiring [them] to pay the reasonable expenses incurred because of their noncompliance."  *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam).  It applies regardless of whether the non-compliance with the court order was intentional, *see, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), and regardless of whether the non-compliance was in bad faith, *see, e.g.*, *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999).  Commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith.  *See* 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (3d ed.) ("The fact that a pretrial order was violated is sufficient to allow some sanction").  Sanctions, however, should not issue if the Court determines that noncompliance was "substantially justified" or if there are circumstances rendering an award of expenses "unjust."  Fed. R. Civ. P. 16(f)(2).

The Court may issue sanctions pursuant to Rule 16(f) for failure to comply with a settlement conference order.  *See Wilson v. KRD Trucking W*., 2013 WL 836995 (D. Nev. Mar. 6, 2013).  Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences.  *See, e.g., Ayers*, 895 F.2d at 1270 (affirming the imposition of sanctions under Rule 16(f) for failure to appear at settlement conference); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order regarding settlement conference).  "The authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences and to impose sanctions for disregard of the court's orders is so well established

---

[2] The Local Rules in this District reinforce Rule 16(f) and expand its scope by requiring compliance "with any order of this Court."  Local Rule IA 4-1(d).  The Court herein focuses its attention on Rule 16(f), but sanctions are being imposed on Plaintiff and his Counsel pursuant to both Rule 16(f) and Local Rule IA 4-1(d).

as to be beyond doubt." *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D. Ky. 1987); *see also Official Airline Guides*, 6 F.3d at 1396 (upholding Rule 16(f) sanction upon a party for failure to obey the court's order requiring telephonic presence of party with full settlement authority).

**III.     Discussion**

     A. Plaintiff

     Plaintiff failed to comply with the Court's Scheduling Order.  Since he is an individual party to this case, the Scheduling Order required him to attend the Settlement Conference or to timely request an exception to the personal attendance requirement.  *See* Docket No. 21.  He did neither.  Instead, he failed to appear without warning, resulting in the needless expenditure of resources by the Court, Defendant, and opposing counsel.  Apparently, Plaintiff was aware of the Settlement Conference, but opted not to attend due to financial hardship.  Docket No. 27 at 1.  This explanation begs the question why, if Plaintiff had a compelling showing of financial hardship, he failed to timely seek an exception to the attendance requirement.  *See* Docket No. 21 (explaining process to request an exception to the Scheduling Order's attendance requirement).  Worse still, it suggests that Plaintiff knew of the Court's Scheduling Order requiring his presence at the Settlement Conference and decided to disregard it.  It is therefore within the Court's authority to sanction Plaintiff.  *See Ayers*, 895 F.2d at 1270; *Johnson*, 975 F.2d at 610 (9th Cir. 1992) (court orders cannot "be cavalierly disregarded . . . without peril").

     Further, the Court finds that Plaintiff's decision to disregard the Scheduling Order is not substantially justified on the basis of financial hardship.  The Scheduling Order contained a procedure specifically for such situations of which Plaintiff could have availed himself.  Plaintiff offers no explanation as to why he did not submit a request for an exception to the attendance requirement.  Accordingly, his noncompliance is not substantially justified.

     Finally, an award of attorneys' fees and costs is appropriate here.  Plaintiff chose to name himself as a plaintiff in this action in the District of Nevada and has invoked this Court's jurisdiction. Plaintiff must bear the costs inherent in prosecuting his case,  meaningfully participate in this action, and comply with this Court's orders.  In this case, Plaintiff clearly failed to do so.  Sanctions are therefore just, and to find otherwise would reward that failure by permitting Plaintiff to unfairly force Defendant to incur needless expenses.

B. <u>Mr. Ladeh</u>

Attorney Ramzy Ladeh also failed to comply with the Court's Scheduling Order, which required counsel of record to attend the Settlement Conference. Docket No. 21 at 1. In this matter, Mr. Ladeh is the lead attorney, and Plaintiff's fillings have all been submitted via Mr. Ladeh's CM/ECF account. *See* Docket. However, many filings only bear Mr. Ashby's signature, and Plaintiff's response to the pending Order to Show Cause represents that Mr. Ashby is the counsel of record in this matter. *See, e.g.*, Docket No. 18 at 10 (Mr. Ashby's signature on the proposed pretrial order); Docket No. 27 at 1 (representing Mr. Ashby as counsel of record). Despite Mr. Ashby's representation to the contrary, Mr. Ladeh is the counsel of record as the docket clearly reflects. *See* Docket. Mr. Ladeh's delegation of the reins of his CM/ECF account to Mr. Ashby did not transform Mr. Ashby into counsel of record. *See Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5224885, at *5 (D. Nev. Sept. 8, 2015) (sanctioning attorney, in part, for failing to appear at settlement conference and, instead, sending associate who used attorney's CM/ECF account). Further, Mr. Ashby has never filed a notice of appearance in the case. Ultimately, as counsel of record, Mr. Ladeh has the responsibility to ensure compliance with the Court's orders.

Mr. Ladeh's primary explanation for his noncompliance is that, due to staff turnover and conflicting obligations, he simply failed to recognize that the "Settlement Conference was going forward." Docket No. 27 at 2. Basically, he concedes that, in the flurry of trying a state court case, he forgot about the Settlement Conference even though Plaintiff's settlement statement was filed three business days prior to the scheduled Settlement Conference.

The Court finds Mr. Ladeh's explanation for his noncompliance unpersuasive. In *Ayers*, the Ninth Circuit affirmed an award of sanctions where an attorney failed to attend a settlement conference because "the date 'slipped by him[.]" *Ayers*, 895 F.2d at 1270 (9th Cir.1990). Like in *Ayers*, the explanation offered here does not excuse counsel's conduct, and his noncompliance was not substantially justified on account of his memory lapse. The Court notes that Plaintiff's counsel acknowledges his noncompliance with the Court's order and offers to reimburse Defendant's travel costs, if any. Docket No. 27 at 2. It cannot be said, therefore, that an award of sanctions is unjust. . . . .

**IV.    Sanctions**

Plaintiff and his counsel's failure to abide by the Court's Order has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case. *See Sanders v. Union Pac. R.R. Co.*, 154 F.3d 1037, 1041 (9th Cir. 1998) ("In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense"). Therefore, sanctions are appropriate as a means of deterring the neglect of Plaintiff and his counsel's Rule 16 obligations. *See Media Duplication Services v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use . . . sanctions as a means of deterring neglect of [a Rule 16] obligation.").

The Court has broad discretion in fashioning the appropriate sanctions for violations of a court order. *Wilson*, 2013 WL 836995 (citing *Official Airline Guides, Inc.*, 6 F.3d at 1396 (9th Cir.1993)). In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the Court's orders. *See* Rule 16(f)(2).

Given the circumstances, the Court declines to impose the most serious sanctions at hand. Nonetheless, the Court agrees with Plaintiff that his misconduct merits the imposition of some sanctions. In light of the resources wasted by their violation of the Scheduling Order, the Court hereby **SANCTIONS** Plaintiff and Mr. Ladeh, jointly and severally, in the amount of Defendant's reasonable attorneys' fees and costs incurred in preparing for and attending the Settlement Conference.  Although the  sanction does not fully reflect the effect of their misconduct on the Court's resources or integrity, the Court finds that the sanction is adequate to deter similar misconduct.

Therefore,

1. The Court **ORDERS** Defendant to submit declarations and full documentation of fees and costs incurred in preparing for and attending the Settlement Conference, no later than December 1, 2015.  Defendant shall make a showing demonstrating that its requested fees and costs are reasonable.

6

2. **IT IS FURTHER ORDERED** that Plaintiff and Mr. Ladeh shall immediately meet and confer with Defendant regarding the reasonable amount of attorneys' fees and costs. If the parties come to an agreement, they shall file a notice, so stating, no later than December 3, 2015.

3. **IT IS FURTHER ORDERED** that to the extent that the parties are unable to agree on the amount of those fees and costs, Plaintiff shall file a response to Defendant's request, no later than December 7, 2015.

4. **IT IS FURTHER ORDERED** that Defendant shall meet and confer with Plaintiff regarding his request to have the Settlement Conference rescheduled.  If the parties come to an agreement regarding the Settlement Conference, they shall submit a joint request, no later than December 3, 2015,  to reschedule the Settlement Conference containing five proposed dates in January on which all required parties are available to appear.

IT IS SO ORDERED.

DATED: November 19, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

7