1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

JAMES CLASBERRY, JR.,                                  )
                                                       )        Case No. 2:14-cv-00774-JAD-NJK

8

          Plaintiff,                             )
                                                       )        ORDER

9

vs.                                                    )
                                                       )        (Docket No. 24)

10

ALBERTSON'S LLC, et al.,                               )
                                                       )

11

          Defendants.                            )
                                                       )

12

      Pending before the Court is Defendant Albertson's LLC's motion to exclude Plaintiff's future

13

medical damages, past and future lost wages, loss of earning capacity, and loss of household services.

14

Docket No. 24.[1]  Plaintiff's response was due no later than November 19, 2015.  *Id*.  Plaintiff failed to

15

timely respond.[2]  *See* Docket; *see also* Docket No. 33.  Rather, on December 16, 2015, nearly a month after

16

his response was due, Plaintiff filed a notice of non-opposition to Defendant's motion.

17

18

      [1]Although Defendant filed this motion as a motion in limine it is, in reality, a motion to exclude

19

based on discovery violations.  The Court therefore construes it as such.

20

      [2] Plaintiff's failure to timely respond to the instant motion is not his or his counsel's first significant

21

failure in the instant case.  On October 29, 2015, Plaintiff's counsel filed his confidential settlement
conference statement on the public docket, despite the Court's order to deliver it directly to chambers.

22

Docket No. 22; *see also* Docket No. 21 at 3.  On November 5, 2015, Plaintiff and his counsel failed to
appear at the Court-ordered settlement conference, inconveniencing the Court, Defendant's counsel, and

23

Defendant's corporate representative who traveled from outside the District to attend the settlement

24

conference. Docket No. 25. Plaintiff failed to timely respond to Defendant's motion for attorney fees arising
out of Plaintiff's and his counsel's failure to attend the settlement conference, and only responded after the

25

Court issued an additional order requiring his response. *Compare* Docket No. 28 at 7 (requiring response

26

by December 7, 2015) *with* Docket No. 31 (response filed on December 10, 2015); see also Docket No. 30.
The Court has grave concerns about the behavior of both Plaintiff and his counsel in this case.  The Court

27

**ADMONISHES** Plaintiff and Plaintiff's counsel that they are expected to strictly comply with all court

28

orders and applicable rules.  The failure to do so in the future may result in the imposition of sanctions, up
to and including case-dispositive sanctions.

1    **I.     OVERVIEW**

2          Defendant's motion is predicated on the fact that, three months after the close of discovery, Plaintiff

3    has failed to disclose "any damages amount or evidence relating to future medical damages, past and future

4    lost wages, loss of earning capacity, or loss of household services."  Docket No. 24 at 3.  Defendant

5    therefore asks the Court to exclude any evidence relating to any of these categories of damages.  *Id*. at 9.

6    **II.    ANALYSIS**

7          The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy,

8    and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  As the text of Rule

9    1 now makes explicit, the duty to strive toward that goal is shared by the Court and the parties.  *See id.*[3]

10   It is with that charge as a guide that this Court construes and administers the Rules. There are several

11   mechanisms this goal can be accomplished, including entering sanctions against a party who fails to comply

12   with the Rules or unnecessarily multiplies the proceedings.

13         Rule 16 of the Federal Rules of Civil Procedure is a central pretrial rule that authorizes the Court

14   to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality

15   of the trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Prods. Liability Litig.,*

16   460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives by permitting the judge

17   to make such orders as are just for a party's failure to obey a scheduling or pretrial order."  *Id.*  Rule 16(f)

18   specifically provides that "the court may issue any just orders, including those authorized by Rule

19   37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling order or other pretrial order."

20   Fed. R. Civ. P. 16(f)(1)(C).[4]

21         Rule 37 governs discovery disputes and sanctions stemming therefrom.  Similar to Rule 16, Rule

22   37 provides for sanctions against a party that fails to comply with discovery orders: "[i]f a party ... fails to

23   obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court

24

25

---

26   [3] Citations herein to the Federal Rules of Civil Procedure refer to the version of the rules following the amendments that became effective on December 1, 2015.

27

28   [4] Rule 37(b)(2)(A) in turn enumerates several potential sanctions, up to and including case-dispositive sanctions.

1   where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).    The Court has

2   "great latitude" in fashioning sanctions pursuant to Rule 37. *See Lew v. Kona Hosp.,* 754 F.2d 1420, 1426

3   (9th Cir .1985).  In appropriate situations, the Court may find that a severe sanction is necessary to prevent

4   some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427

5   U.S. 639, 642 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents'

6   flagrant bad faith and their counsel's callous disregard of responsibilities).

7          Rule 26(a)(1)(A)(iii) requires each party to provide to the other party "a computation of each

8   category of damages claimed by the disclosing party..."  A party has an ongoing duty to supplement its

9   initial disclosures.  *See Olaya v. Wal-Mart Stores, Inc.*, 2012 WL 3262875, *3 (D. Nev. Aug. 7, 2012).

10          The computation of each category of damages requires more than the listing of the broad types of

11   damages so as to enable the defendants to understand the contours of their potential exposure and make

12   informed decisions regarding settlement and discovery. *CCR/AG Showcase Phase I Owner, L.L.C. v.*

13   *United Artists Theatre Circuit, Inc.,* 2010 WL 1947016, at *5 (D.Nev. May 13, 2010) (citing *City and Cnty.*

14   *of S.F. v. Tutor–Saliba Corp.,* 218 F.R.D. 219 (N.D.Cal.2003)).  "As this language indicates, for disclosures

15   purposes damages are determined, not by actual cost, but by what the party claims." *Smith v. Wal–Mart*

16   *Stores, Inc.,* 2014 WL 3548206, at *4 (D.Nev. July 16, 2014) (citing *Sylla–Sawdon,* 47 F.3d 277, 284 (8th

17   Cir.1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate

18   liability).  The case law in this District is overwhelming that the duty to provide a damages calculation for

19   each category of damages is not obviated by a plaintiff's inability to quantify them with specificity early

20   in the case, but rather the plaintiff is required to make that disclosure based on the information then

21   available to her. *See, e.g.*, *Calvert v. Ellis*, 2015 WL 631284, *2 (D. Nev. Feb. 12, 2015).

22          In the instant case, as Plaintiff failed to timely respond, the Court could grant Defendant's motion

23   as unopposed.  *See* Local Rule 7-2(d).  Nonetheless, the Court has reviewed Defendant's motion and

24   analyzed it in light of the standards articulated above.  The Court finds good cause for granting Defendant's

25   motion on its merits.  In this instance, Plaintiff failed to comply with his initial disclosure obligations as

26   to future medical expenses, lost wages, loss of earning capacity, and loss of household services.  He did not

27   provide any calculation of those damages with his initial disclosures, and failed to timely supplement these

28   categories with a calculation of damages.  Moreover, the failure to timely provide that information

1  prejudiced Defendant in its ability to prepare a defense, and Plaintiff has failed to advance any substantial

2  justification for his shortcoming.  In these circumstances, the Court finds that the appropriate remedy is to

3  exclude evidence of these categories of damages at trial.  *See, e.g.*, Fed. R. Civ. P. 37(c)(1).  This sanction

4  is not a case-dispositive one, however, as Plaintiff will still be able to try his case on the merits and pursue

5  the damages for past medical expenses indicated in his initial disclosure.  *See Olaya*, 2012 WL 3262875

6  at *5.

7          Accordingly,

8          Defendant's motion for sanctions, Docket No. 24, is hereby **GRANTED**.  The Court **ORDERS** that

9  all evidence regarding future medical care, lost wages, loss of earning capacity, and loss of household

10 services is **EXCLUDED** from trial.  Moreover, in light of the conduct of Plaintiff and his counsel in the

11 instant case thus far, the Court **ADMONISHES** Plaintiff and Plaintiff's counsel, and **CAUTIONS** them

12 that future failure to comply with a court order or applicable rule, or failure to timely respond to a motion,

13 may result in the imposition of more severe sanctions, up to and including dismissal of Plaintiff's claims.

14         **IT IS SO ORDERED.**

15         DATED: December 16, 2015.

16

17                                        _____
                                          NANCY J. KOPPE
                                          United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28