# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES CLASBERRY, | )<br>) |
| Plaintiff(s), | )<br>) Case No. 2:14-cv-00774-JAD-NJK |
| vs. | ) ORDER SANCTIONING PLAINTIFF<br>) AND ATTORNEY RAMZY LADAH |
| ALBERTSONS, LLC, | )<br>) |
| Defendant(s). | )<br>) |

This matter is before the Court on Plaintiff and Attorney Ramzy Ladah's failure to attend a mandatory settlement conference on November 5, 2015 ("Settlement Conference"). *See* Docket No. 25. On November 19, 2015, the Court issued an order sanctioning Plaintiff and Mr. Ladah, jointly and severally, in the amount of Defendant's reasonable attorneys' fees and costs incurred in preparing for and attending the Settlement Conference. Docket No. 28. The Court instructed Defendant to submit, no later than December 1, 2015, a declaration and documentation substantiating its costs and attorneys' fees incurred in preparing for and attending the Settlement Conference and ordered Plaintiff to file any response no later than December 7, 2015. *Id.* Although Defendant timely filed its documentation and declaration, Docket No. 29, Plaintiff failed to file a timely response. Docket No. 30. Only after the Court ordered Plaintiff to respond a second time did Plaintiff submit a response. Docket No. 31.

For the reasons discussed more fully below, the Court hereby **SANCTIONS** Plaintiff and Mr. Ladah, jointly and severally, in the amount of $2815.35.

//

//

## II. REASONABLE ATTORNEY FEES

Reasonable attorneys' fees are determined by state law where a federal court is sitting in diversity. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See Shuette*, 124 P.3d at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). Nevada law also establishes the required showing to substantiate the attorneys' fees sought. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See, e.g.*, *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* N.R.C.P. 54(d)(2)(B). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

The lodestar's reasonableness determinations are guided the factors listed in *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969): "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." Courts may also consider the prevailing market norms. *Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005)

Defendant requests that the Court calculate its fees based on the rate of $180.00 per hour. Plaintiff does not dispute the reasonableness of this rate, but the Court will nonetheless review the reasonableness of the rates claimed. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

//

"Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015); *see also CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013) (refusing to calculate hourly rates between $650 and $400 for attorneys working "for a law firm with an excellent reputation," and instead calculating lodestar at hourly rate of $450 for partner and $250 for experienced associates). Other Courts in this District have awarded rates as low as $268 for partners and $95 for associates. *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, *10-11 (D. Nev. Apr. 16, 2015).

The Court finds the rates requested by Defendant's counsel, Attorney Jack Burden, are reasonable for this forum and for the specific service he provided. Mr. Burden is a named partner of his law firm and requests a rate significantly below market. Indeed, Defendant's counsel is seeking a rate lower than those found reasonable for associates. *See John Hancock Life Ins. Co. v. Jacobs*, 2014 U.S. Dist. Lexis 19283, *8 (D. Nev. Feb. 13, 2014) (calculating lodestar in interpleader case based on hourly rate of $300 for partner and $250 for associate). Defense of this slip and fall case is not a matter of extreme complexity that requires rare expertise, but Mr. Burden's low rate reflects this fact. Accordingly, the Court will calculate the lodestar with Defendant's desired hourly rate of $180 per hour.

Having decided the hourly rate that should be applied in this case, the Court turns to the hours reasonably expended. "[T]he party seeking an award of fees should submit evidence supporting the hours worked." *CLM Partners LLC*, 2013 WL 6388760, at *6. If the Court finds the hours actually expended excessive, it is within its discretion to trim them. *John Hancock*, 2014 U.S. Dist. Lexis 19283, at *8 & n.2 (reducing as excessive .2 hours claimed for reviewing minute order). However, the Court must provide an explanation for any reduction in the amount of fees. *See, e.g.*, *Argentena Consul. Min. Co. v. Jolley Urga*, 216 P.3d 779, 787 n.2 (Nev. 2009). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Mr. Burden's affidavit reveals that he spent a total of 13.2 hours drafting Defendant's settlement conference statement, consulting with Defendant, and preparing for and attending the Settlement

Conference. Docket No. 32 at 6. The Court finds that 13.2 hours to accomplish these tasks is reasonable, especially in light of other fee awards in this District arising out of similar settlement conferences. *See CLM Partners LLC*, 2013 WL 6388760, at *7 (D. Nev. Dec. 5, 2013) (reducing hours reasonably expended preparing for and attending settlement conference to 16.3 hours of work); *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, at *9-10 (D. Nev. June 15, 2012) (finding a total of 27.25 hours reasonably expended in preparing for settlement conference).

Overall, the Court finds the both Mr. Burden's hourly rate of $180 and the 13.2 hours that he spent preparing for and attending the Settlement Conference are reasonable. Therefore, the Court finds Defendant's request for $2,376 in attorneys' fees to be a reasonable request.

## III.   COSTS

The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer. This benefits the parties and the Court by reaching a "just, speedy, and inexpensive" determination of an action. Fed.R.Civ.P. 1. For these benefits to be realized, it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case. For these discussions to be meaningful, settlement negotiations must take place in the physical presence of the parties and qualified representatives from both sides. In the case of corporate parties, this requirement creates a risk of abuse as it drives up the burdens and costs associated with conducting settlement conferences. To offset this risk, the Ninth Circuit has held that, when an order scheduling a settlement conference requires the presence of a corporate representative with full settlement authority, it is within a trial court's discretion to consider the representative's costs in determining the sanction of a party for violation of that order. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993).

Here, the Court's order required a corporate representative of Defendant to attend the Settlement Conference with settlement authority up to the amount of Plaintiff's claim. *See* Docket No. 21 at 1. Accordingly, it is within the Court's discretion to sanction Plaintiff in the amount of the costs incurred by Defendant's representative, Tito Melara, in complying with the Court's order.

On November 4, 2015, Mr. Melara drove to, and parked his car at, Oakland International

Airport. Docket No. 29 at 17 (evidencing that Mr. Melara incurred $44 in parking expenses for parking his car for one day, five hours, and fifty-five minutes at Oakland International Airport). He then flew from Oakland International Airport to McCarran International Airport. *Id*. at 12-13, 18 (showing that Mr. Melara pre-paid $95.97 in airfare round trip and incurred $30.00 in personal Southwest charges). Upon arriving in Las Vegas, Mr. Melara rode a cab to Hampton Inn, where he stayed for one night. *Id.* at 19 (evidencing that Mr. Melara's lodging expenses amounted to $245.28); *Id.* at 15 (showing Mr. Melara's cab ride cost $27.42 including a $3.00 tip). That night, he ate dinner with Mr. Burden. *Id*. at 16 (evidencing an expense of $73.78 for dinner). On November 5, 2015, Mr. Melara attended the Settlement Conference and returned home. *Id.* at 17 (showing the time Mr. Melara drove his car out of Oakland International Airport); *Id*. at 12 (claiming an expense of $26.68 for the miles Mr. Melara drove using his personal car). In total, Defendant claims it incurred $543.13 in costs. *Id*. at 13.

With the exception of the Mr. Melara and Mr. Burden's $73.78 dinner for two and Mr. Melera's unexplained $30.00 charge with Southwest, the Court finds these costs reasonable. Each expense relates to transportation and lodging costs reasonably expended in order to make Mr. Melara's attendance of the Settlement Conference possible. These "costs were unnecessarily incurred because of [Plaintiff's] failure to comply with the [Court's] order." *Official Airline Guides, Inc.*, 6 F.3d at 1397. "Awarding [these] costs falls within the court's broad discretion to impose sanctions." *Id*. Accordingly, the Court **SANCTIONS** Plaintiff in the amount of $439.35, which represents the amount of Defendant's reasonable costs incurred in attending the Settlement Conference.

Plaintiff and his counsel argue that the Court should trim any award of costs, contending that Mr. Melera's stay in Las Vegas was unreasonably long. Docket No. 31 at 3-4. Their argument relies on their interpretation of Mr. Melara's travel receipts, which they contend show that Mr. Melara stayed in Las Vegas from November 2, 2015, to November 6, 2015. *Id*. at 3-4. However, Plaintiff's reliance on this interpretation is misplaced as this interpretation confuses the date Mr. Melara paid an expense with the date that the expense accrued. For example, merely because Mr. Melara pre-paid for his flight on November 2, 2015, does not means that he flew to Las Vegas on that day. Further, the receipts submitted by Defendant clearly demonstrate that Mr. Melara was only in Las Vegas over night. *See* Docket No. 29 at 17, 19. Therefore, the Court finds this argument unpersuasive.

## IV. CONCLUSION

Accordingly, the Court **SANCTIONS** Plaintiff and his counsel, jointly and severally, in the amount of $2815.35, which represents (1) $2,376 in attorneys' fees based on the 13.2 hours that Mr. Burden reasonably expended at $180 per hour and (2) $439.35 in reasonable costs that Defendant incurred in attending the Settlement Conference. This monetary sanction shall be paid to Defendant's counsel no later than January 22, 2016. Plaintiff shall file a Notice of Compliance on the Docket no later than January 22, 2016.

IT IS SO ORDERED.

DATED: January 7, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge